Savoie vs. Thibodaux.

## No. 6526.

JOURDAIN SAVOIE, ADMINISTRATOR, VS. P. A. THIBODAUX.

Where the defendant, who has been cast, fails to appeal, or to join in the appeal taken by the plaintiff, and thereby acquiesces in the judgment, he can not, after this court has affirmed the judgment and the plaintiff proceeds to execute it, enjoin its execution; even though it appear that the plaintiff issued his *fieri facias* before the judgment of this court was filed and recorded in the court below.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche, *Beattie, J. J. S. Goode,* for plaintiff and appellant. *C. Knobloch,* for defendant.

The opinion of the court was delivered by SPENCER, J.

It appears from the record and statement of facts in this case that the plaintiff, as administrator, holding certain notes of defendant, secured by mortgage and vendor's lien, proceeded *via ordinaria* to obtain judgment therefor and a decree of foreclosure. On the judgment thus obtained a writ of *fieri facias* was issued, and the mortgaged property seized and advertised for sale. Defendant sued out an injunction, claiming a credit of four hundred dollars on the judgment and execution. The court below perpetuated the injunction to the extent of the credit claimed, and dissolved it, without damages, for the balance. From this judgment the plaintiff, Savoie, alone appealed. On the fourteenth of February, 1876, the Supreme Court rendered its decision affirming the judgment of the lower court. The sheriff, pending the injunction and appeal, of course, suspended proceedings under the writ, returning the original and retaining a copy at the end of seventy days, as the law directs. On the twenty-sixth of February, 1876, the sheriff again advertised the property for sale on the first of April, 1876. On the morning of the thirty-first of March, 1876, the attorney of defendant in execution called at the clerk's office and was informed that the decree of the Supreme Court had not been received or filed. At noon of that day (thirty-first of March) the opinion and decree was received and filed in the clerk's office. It is also admitted that the credit of four hundred dollars allowed by the district and Supreme Courts was indorsed on the execution on the thirty-first of March, 1876.

On the evening of the thirty-first of March the defendant in execution (P. A. Thibodaux) filed another injunction, in which he alleges and recites the history of the case, and that the plaintiff, Savoie, had taken an appeal to the Supreme Court, and that the mandate and decree of said court had not been "returned, filed, recorded, or spread upon the minutes of the clerk's office of the district court," and that notwithstanding this fact, the plaintiff and sheriff were proceeding to offer said property for sale again, and had advertised it for sale on the first Saturday of April, 1876.

made other charges of irregularity which were abandoned in the lower court and not insisted upon here.

The sole ground upon which defendant in execution rests his injunction is the prematurity of the proceeding. He does not allege or pretend that the plaintiff was seeking to sell the property for more than was due under the judgment of the district court. He admits that the execution was credited with the four hundred dollars allowed by the district court, by indorsing the same thereon on the thirty-first of March, 1876, and as he does not complain of any excess in the amount of the execution, it is fair to presume that he was cognizant of the fact at the time of filing his injunction.

As the defendant did not appeal, or seek to have the judgment changed in his first injunction suit, it is perfectly clear that he had no interest in refusing to pay the amount of the judgment of the district court. He had acquiesced in that by seeking no relief on appeal. The Supreme Court could not have reduced the amount of the judgment of the district court, because defendant had not appealed or asked it. As long therefore as the plaintiff sought to recover by execution only the amount allowed by the district court, the defendant had no right to complain. He could not hope to pay less, because the appellate court had no power or right to decree him to pay less. What injustice, then, was done defendant by the proceeding? He does not pretend that plaintiff was executing his property for more than the amount allowed by the district court, whose judgment as to him was a finality. So far from working him an injustice, it would have been a benefit to him if plaintiff had proceeded with the execution before the decision of the Supreme Court, for then the defendant could have gone into that court and entered a plea that plaintiff had acquiesced in the judgment of the district court by prosecuting its execution. Plaintiff could abandon his appeal at any time, as no change of the judgment was sought by the defendant, and the enforcement of the judgment of the district court before obtaining a judgment on his appeal would have been such an abandonment by acquiescence.

Plaintiff's case can not surely be worse for his enforcing execution *after* the decision on appeal than it would have been had he sought to enforce it before the decision on appeal. We have seen that he had a perfect right to abandon his appeal and to acquiesce in the judgment appealed from at any time, and to enforce it. By so doing he does defendant no injury, since defendant, himself not appealing, acknowledges thereby the justice of the judgment, and has no right to complain at its execution, and abuses the process of court by enjoining it. This view of the case renders it unnecessary for us to decide whether, where the Supreme Court has simply affirmed a judgment of the court below, and

·the delays for rehearing have expired, and·the ·judgment has·become .final, it is sacramental that its mandate should·be file'd and recorded in ·the court below before proceeding to execute. a writ of ·*fieri facias* that has been enjoined in the sheriff's hands.

It is therefore ordered, adjudged, and decreed·that the judgment of the ·district court be avoided and reversed. And proceeding now to render ·such judgment as should have been rendered, it is ordered, adjudged, .and decreed that the injunction sued out by the defendant be dissolved .and set aside, and that he pay costs of both courts.